**WILHELM, Appellee and Cross–Appellant,**

**v.**

**PEOPLES FEDERAL SAVINGS & LOAN ASSN., Cross–Appellee;
CITIZENS SAVINGS BANK OF CANTON, Appellant.**

[Cite as *Wilhelm v. Peoples Fed. S. & L. Assn.* (1991), 72 Ohio App.3d 258.]

Court of Appeals of Ohio,
Stark County.

No. CA–8181.

Decided Jan. 22, 1991.

259

*William Z. Christoff,* for appellee and cross-appellant.

*Stephen T. Yost,* for cross-appellee.

*Michael A. Thompson* and *David E. Butz,* for appellant.

*Terri Reyering Abare* and *Melvin A. Bedrees,* for *amicus curiae,* Ohio Savings & Loan.

PUTMAN, Presiding Judge.

This is an appeal and cross-appeal from a judgment of the Court of Common Pleas of Stark County, Ohio, that entered judgment in favor of plaintiff-appellee and cross-appellant, Thelma Wilhelm (Wilhelm), and against defendant-appellant, Citizens Savings Bank of Canton ("Citizens"), in the amount of $33,579.56, plus interest. Regarding this judgment, Citizens assigns the following as error:

"I. The trial court erroneously denied Citizens Savings Bank of Canton summary judgment and erroneously granted judgment to the appellee due to the trial court's failure to find that Citizens Savings Bank of Canton was entitled to statutory immunity from the liability that may have arisen out of Citizens' acceptance of the pledge of the joint accounts from Robert Wilhelm.

"II. Because the signature cards executed by the appellee clearly granted her son rights in the bank accounts equal to her own, including the right to unilaterally pledge the accounts for the repayment of a loan, the trial court erred in denying the motion of Citizens Savings Bank of Canton for summary judgment and erred in finding Citizens Savings Bank of Canton liable for breach of contract as a result of Citizens' acceptance of the pledge of the accounts and subsequent denial of the appellee's request to withdraw the proceeds from the account.

"III. Because Citizens Savings Bank of Canton had the contractual right to accept the pledge of the accounts and to deny the appellee access to the accounts after the pledge, the trial court erred as a matter of law in concluding that Citizens Savings Bank of Canton was liable for an improper setoff.

"IV. Because Citizens Savings Bank of Canton reasonably and in good faith relied to its material prejudice on the appellee's false representation that her son had the right to pledge the joint accounts without her consent, the trial court's failure to grant Citizens Savings Bank of Canton judgment based upon the affirmative defense of estoppel is against the manifest weight of the evidence.

"V. By executing the joint and survivorship account agreements with Citizens Savings Bank of Canton, the appellee waived any claims that she may have had against Citizens Savings Bank of Canton as a result of Citizens Savings Bank of Canton's acceptance of the pledge of the joint accounts from her son.

"VI. The trial court's failure to grant Citizens Savings Bank of Canton judgment based upon the affirmative defense of laches is against the manifest weight of the evidence in that the appellee delayed filing suit against Citizens

Savings Bank of Canton for an unreasonable length of time, two years and five months.

"VII. The trial court's decision in favor of the appellee is against the manifest weight of the evidence in that the Citizens Savings Bank of Canton proved by clear and convincing evidence that the appellee intended that her son should share equally in the proceeds of the joint and survivorship accounts."

The trial court also granted judgment in favor of defendant and cross-appellee, Peoples Federal Savings & Loan Association of Massillon ("Peoples"), as against Wilhelm's complaint. Regarding this judgment, Wilhelm cross-appeals, raising the following assignment of error:

"The doctrine of equitable estoppel cannot be invoked where there is no evidence presented by the party invoking estoppel that the party actually relied on the representation."

The Ohio Savings & Loan League ("League") has filed a brief *amicus curiae.*

For the reasons stated below, Citizens' assignments of error one through five and seven are sustained. We do not reach its sixth assignment of error. Wilhelm's assignment of error on cross-appeal is overruled.

On October 21, 1985, Wilhelm and her son, Robert Wilhelm, opened two joint and survivorship accounts with Citizens. Twenty thousand dollars was deposited in one of the accounts, and $15,485.28 was deposited in the other account. This total amount of $35,485.28 was furnished solely by Wilhelm.

Both Wilhelm and Robert signed the signature cards for both accounts. The signature cards state that the accounts are owned by Wilhelm or Robert "as joint tenants with right of survivorship and not as tenants in common, and not as tenants by the entirety." The signature cards also contain the following directive to Citizens:

"You [Citizens] are directed to act pursuant to *any one or more of the joint tenants'* signatures, shown on the reverse side *in any manner* in connection with this account and to pay, without any liability for such payment, to any one of the survivor or survivors at any time. It is agreed by the signatory parties with each other and by the parties with you that any funds placed in or added to the account by any one of the parties is and shall be conclusively intended to be a gift at that time of such funds to the other signatory party or parties to the extent of his or their pro rata interest in the account. Any other person named on the reverse side is authorized to withdraw funds from this account. * * * The signatory parties further agree to be governed by * * * the terms of the certificate in passbook, the rules, regulations, by-laws

and constitution of The Citizens Savings Bank, with all subsequent amendments thereto, which are made a part hereof." (Emphasis added.)

The bylaws of Citizens provided in relevant part as follows:

"In the event that the deposit proposed to be withdrawn is pledged with the Company as collateral security for the payment of a loan, the amount of such loan, plus all interest and lawful charges thereon, shall be deducted from the withdrawal value before any amount is paid to the depositor."

On February 19, 1986, Robert obtained two loans from Citizens in the total amount of $31,936.75. He pledged the accounts as security for the loans. Based upon the savings account loan agreements through which he accomplished the pledge, Robert gave Citizens the right to withdraw the funds from the accounts to pay off the loans upon default.

Robert failed to repay the loans according to their terms. On May 8, 1987, he was in default on the loans and Citizens applied the amounts in the joint accounts to pay the amounts due and payable under the loans. After doing this, Citizens issued to Wilhelm a check for the remaining funds in the accounts.

Wilhelm then filed suit against Citizens to recover the funds that Citizens had withdrawn from the accounts to pay off the loans.

Citizens moved for summary judgment, arguing that because Robert had pledged the joint accounts as collateral for loans he had obtained from Citizens, Citizens was permitted to withdraw funds from the joint accounts when Robert defaulted on his loans. The trial court denied Citizens' motion for summary judgment and the matter was later tried to the court.

We turn now to Citizens' assignments of error.

I

R.C. 1151.19(A) protects savings and loan associations from liability for having acted on the order of any one joint account holder in a manner that may be inconsistent with the rights the joint account holders may assert among themselves. R.C. 1151.19(A) provides in relevant part:

"A building and loan association may receive money on deposit or stock deposits from any persons, firms, corporations, and courts, or their agents, officers, and appointees and may pay interest thereon. When such deposits are made to the joint account of two or more persons, whether adults or minors, with a joint order to the association that such deposits or any part thereof are to be payable on the order of any of such joint depositors, and to continue to be so payable notwithstanding the death or incapacity of one or more of the persons making them, such account shall be payable to any of

such survivors or order notwithstanding such death or incapacity. No recovery shall be had against such association for amounts so paid and charged to such account."

Thus, this provision negates any obligation of Citizens to determine whether the parties to a joint account actually intended that each of them have the sole right to all of the funds in the joint account. *Gregory v. Harper* (1975), 48 Ohio App.2d 184, 2 O.O.3d 152, 356 N.E.2d 500.

█ Although the trial court correctly recognized that a savings and loan is protected by R.C. 1151.19(A) when the joint account holder makes a cash withdrawal, the trial court erroneously concluded that a pledge of a joint account is beyond the statute's scope of protection. We find that this distinction between a *withdrawal* and a *pledge* of the joint funds is not supported by law or by the policy underlying the enactment of R.C. 1151.19.

Accordingly, we find that R.C. 1151.19(A) grants Citizens immunity from the claim brought by Wilhelm.

Citizens' first assignment of error is sustained.

## II

█ The contract between Citizens, Wilhelm, and her son Robert included the signature cards executed by both Wilhelm and her son. The language on these signature cards, quoted *supra*, specifically permitted Citizens to accept the pledge of the funds in the accounts upon the signature of Robert alone. When Wilhelm and Robert signed the cards, they authorized each to act as the agent for the other.

Accordingly, Citizens' second assignment of error is sustained.

## III, IV, V & VII

These assignments of error present a single issue and raise the same claim that Citizens is entitled to judgment as a matter of law.

For the reasons previously stated, we sustain Citizens' third, fourth, fifth and seventh assignments of error.

## VI

Based upon our disposition of Citizens' other assignments of error, we do not reach assignment of error number six.

We turn now to Wilhelm's cross-appeal.

█ In addition to the two joint accounts at Citizens, Wilhelm and her son Robert opened a joint and survivorship account with Peoples in the amount of

$40,000. On February 20, 1986, Robert borrowed $36,000 from Peoples and pledged the joint and survivorship account as security.

By June 17, 1987, Robert's loan from Peoples was six months in default. After sending him a written demand for payment of the full amount then due on the note and receiving no response, Peoples withdrew the entire balance remaining in the joint and survivorship account. Peoples then closed the account and applied $37,455.45 toward payment in full of the loan, and mailed a check for $1,761.83 to Wilhelm.

The trial court concluded that Wilhelm was estopped from denying Robert's right to pledge the joint and survivorship accounts with Peoples by her representation to Peoples that such pledge was proper.

Wilhelm argues that the trial court erred in concluding that Peoples is entitled to the protection of the doctrine of equitable estoppel because Peoples did not demonstrate that it relied upon Wilhelm's oral consent to the pledge of the joint account as collateral for the loan to Robert.

We have carefully considered this assignment of error and find it to be without merit. As we have already noted, because either account holder can withdraw the funds in a joint and survivorship account without the other's consent, either account holder can pledge the joint and survivorship account as collateral or a loan without the other's consent. By executing the joint account agreement with Peoples, Wilhelm represented to Peoples that her son had the unconditional right to withdraw money in the account.

Accordingly, Wilhelm's assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed insofar as it granted judgment in favor of Thelma Wilhelm and against the Citizens Savings Bank of Canton in the amount of $33,579.56, together with interest from May 8, 1987. Pursuant to App.R. 12(B), we hereby enter final judgment in favor of Citizens Savings Bank of Canton and against Thelma Wilhelm. The judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed insofar as it dismissed Thelma Wilhelm's complaint against Peoples Federal Savings & Loan Association of Massillon.

*Judgment affirmed in part*
*and reversed in part.*

MILLIGAN and JOHN R. HOFFMAN, JJ., concur.