OPINION
Plaintiffs-appellants, Devin and Damon Stewart, appeal a decision of the Belmont County Common Pleas Court, entering judgment in favor of defendant-appellee, National City Bank, and divesting them of any rights to certain certificates of deposit held by appellee.
Terry and Susan Stewart are the parents of appellants. When appellants were young, their parents inherited money from family members. (Tr. 27). Appellants did not personally inherit any of the money. (Tr. 17). Appellants' parents purchased a certificate of deposit for each child with a portion of the money. (Tr. 8-9). The certificates of deposit were purchased in appellants' names with their parents in a joint account with rights of survivorship. (Tr. 29).
Thereafter, appellants' parents attempted to procure funds to purchase equipment in order to open a laundromat. (Tr. 11). Thus, on or about April 24, 1989, appellants' parents entered into an agreement with Peoples Bank, appellee's predecessor-in-interest, whereby they assigned and pledged the certificates of deposit as collateral in order to obtain a loan. (Tr. 11, 18). Appellants' parents then gave physical possession of the certificates of deposit to Peoples Bank. (Tr. 46-47). Both parents testified that they knew if they defaulted on the loan, the bank could cash the certificates of deposit. (Tr. 23, 30). Subsequently, appellants' parents defaulted on the loan and appellee retained possession of the certificates of deposit. (Tr. 46-47).
Appellants filed an action against appellee claiming better entitlement to the certificates of deposit. A bench trial was conducted on April 10, 1998, and the trial court found in favor of appellee. This appeal followed.
Appellants' first assignment of error states:
 "THE PLEDGE OF PLAINTIFFS' CERTIFICATES OF DEPOSIT TO DEFENDANT WAS NOT PROPERLY PERFECTED DUE TO THE FACT THAT THE TRANSFERORS WERE NOT THE PROPER OWNERS OF THE CERTIFICATES OF DEPOSIT."
Appellants concede that possession of a certificate of deposit is sufficient to perfect the security interest of a bank to which the account was pledged as collateral. See Jamison v. Soc. Natl. Bank
(1993), 66 Ohio St.3d 201, paragraph two of the syllabus. However, appellants argue that there is an assumption in this principle that the possession was delivered by the true owner or someone acting properly on their behalf. In this case, appellants argue that their parents were not the true owners of the certificates of deposit.
R.C. 1109.07(A) [formerly R.C. 1107.08(A)], R.C. 1151.19(A), and R.C.1161.23(A)(1), often collectively referred to as "the bank protection statutes", protect banks from liability for having acted on the order of any one joint account holder in a manner that may be inconsistent with the rights that the joint account holders may assert among themselves. The statutes protect banks regardless of whether one of the joint account holders makes a cash withdrawal or pledges the account as collateral for a loan. Wilhelm v. Peoples Fed. S. L. Assn. (1991), 72 Ohio App.3d 258,263. See, also, Ingram v. Hocking Valley Bank (1997), 125 Ohio App.3d 210,220.
Appellants attempt to circumvent the protection of the statutes by arguing that the "realities of ownership" demonstrated that they were the true owners of the accounts. However, as the Second District Court of Appeals observed in Citizens Federal Bank, FSB v. Zierolf (1997),119 Ohio App.3d 49, at 50:
 "The statutory language evinces an intent to place the risk of improper conduct by a joint account holder on those who created the joint account and vested the joint account holder with the power to dispose of the money in the account. Thus, when a joint account holder disposes of the money in an account in accordance with the terms of the joint account, the bank is not obligated to inquire into the actual ownership of the funds. Rather, the joint account holders must resolve among themselves any dispute they have as to the particular joint account holder's right to order payment of the funds. The bank's involvement in the transaction is not a consideration."
In sum, either account holder of a joint and survivorship account may pledge the joint and survivorship account as collateral on a loan without the other's consent.
Accordingly, appellant's first assignment of error is without merit.
Appellants' second assignment of error states:
 "THE PARENTS OF APPELLEES-PLAINTIFFS [sic] DID NOT HAVE AUTHORITY UNDER THE UNIFORM GIFTS TO MINORS ACT TO TRANSFER THE CERTIFICATES OF DEPOSIT."
Appellants claim that they received the certificates of deposit irrevocably and were indefeasibly vested with legal title in them. Appellants based this upon their contention that the certificates of deposit were given to them under the Uniform Gift to Minors Act and therefore, appellants' parents were prohibited from pledging them as collateral.
The Uniform Transfers to Minors Act (successor to the Uniform Gifts to Minor Act) provides that a gift made in a manner prescribed under the Act will irrevocably convey to the minor indefeasibly vested legal title to the conveyed property. R.C. 1339.33. R.C. 1339.32 provides:
 "(A) A person who is eighteen years of age or older may, during his lifetime, make a gift or transfer of a security, money, a life or endowment insurance policy, an annuity contract, a benefit plan, real estate, tangible or intangible personal property, or any other property to, may designate as beneficiary of a life or endowment insurance policy, an annuity contract, or a benefit plan, or make a transfer by the irrevocable exercise of a power of appointment in favor of, a person who is a minor on the date of the gift or transfer:
"* * *
 "(3) If the subject of the gift or transfer is money, by paying or delivering it to a broker, or a financial institution for credit to an account in the name of the donor or transferor, another person who is eighteen years of age or older, or a trust company, followed, in substance, by the words: `as custodian for (name of minor) under the Ohio Transfers to Minors Act.'"
Appellants' parents failed to comply with R.C. 1339.32(A)(3) because they did not purchase the certificates of deposit in appellants' name "as custodian for [Appellants] under the Ohio Transfers to Minors Act." Rather, appellants' parents purchased the certificates of deposit as joint owners with appellants, with rights of survivorship.
Since appellants' parents did not comply with the requirements of the UTMA or otherwise demonstrate any donative intent, appellants did not acquire an indefeasibly vested title to the certificates of deposit.
Accordingly, appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
VUKOVICH, J., concurs, WAITE, J., concurs.